**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Douglas A. Murdock,<br><br>Plaintiff,<br><br>Vs.<br><br>BTM Machinery Inc.,<br><br>Defendant. | 2:26-cv-2579-RMG<br><br>**COMPLAINT**<br>**(Violation of FLSA)** |

Plaintiff Douglas Murdock ("Plaintiff"), complaining of Defendant BTM Machinery, Inc., would respectfully show unto this Honorable Court as follows:

**NATURE OF THE ACTION**

1.      Plaintiff was employed by Defendant as an hourly mechanic. This is an action brought under the Fair Labor Standards Act ("FLSA") for Defendant's failure to pay Plaintiff lawful overtime wages. Plaintiff worked for Defendant BTM Machinery, Inc. as a mechanic in Summerville, South Carolina, for approximately 2 years and 10 months, earning $41 per hour. Throughout his employment, Plaintiff regularly worked in excess of 40 hours per week, often between 50 and 60 hours, as reflected in numerous weekly pay stubs documenting substantial overtime hours. Despite this, Defendant paid Plaintiff straight-time only for all hours worked and never compensated him at the required time-and-a-half overtime rate. Plaintiff was explicitly told that if Defendant were required to pay overtime, his hours would be reduced.

**PARTIES, JURISDICTION & VENUE**

2.      Plaintiff, Douglas Murdock ("Plaintiff"), is an individual citizen and resident of Berkeley County, South Carolina.

3.      Defendant BTM Machinery, Inc, is a South Carolina corporation with its place of business in Dorchester County, South Carolina.

1

4.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Charleston County, South Carolina.

6.     Defendant BTM Machinery Inc, is headquartered within the Charleston Division.

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

Plaintiff worked for Defendant for approximately 2 years and 10 months as a mechanic, earning $41.00 per hour.

8.     Plaintiff typically worked well over 40 hours per week, as evidenced by his pay stubs, which consistently reflect significant weekly overtime totals.

9.     Despite regularly working overtime, Plaintiff received straight-time pay only, not the required 1.5× overtime rate. Stubs throughout 2023 reflect Defendants paid the same hourly rate for all hours worked, including overtime hours.

10.     Plaintiff was never classified as exempt from overtime and performed manual, non-managerial labor as a mechanic.

11.     Plaintiff was informed by owner, and operational decision-maker Blake Thorton, "If I have to pay you overtime, I will cut you to 40 hours."

12.     Defendants willfully failed to record, track, or pay lawful overtime wages.

13.     Plaintiff has never been paid any overtime premium during his employment with Defendant.

### FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

14.     Plaintiff repeats and realleges each allegation of the foregoing paragraphs as if restated herein verbatim.

2

15.     Defendant employed Plaintiff as non-exempt employee during the time periods relevant to this Complaint.

16.     Defendant is a covered employer within the meaning of the FLSA, as it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

17.     Throughout Plaintiff's employment, Defendant required Plaintiff to work in excess of 40 hours per workweek without compensating him for such hours  at a rate of not less than one and one-half times his regular rate of pay, in violation of Section 7(a) of the Fair Labor Standards Act 29 U.S.C. § 207.

18.     Defendant knew it had a duty to pay Plaintiff overtime wages required by the Fair Labor Standards Act.

19.     Defendant's failure and/or refusal to pay Plaintiff overtime wages required when it knew Plaintiff was working overtime hours was a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

20.     As a direct result of Defendant's actions, which Plaintiff contends were willful in nature, Plaintiff is entitled to an award against Defendant for actual, compensatory and punitive damages, including both back pay and liquidated damages, along with attorneys' fees and costs related to this action and any pre-judgment interest.

21.     Plaintiff is entitled to damages in the amount of his unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

22.     The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendant and Defendant is under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's

liability can be ascertained. Plaintiff requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a.      An order tolling the relevant statutes of limitations.
b.      An order declaring that Defendant violated the FLSA.
c.      An award of unpaid overtime wages due under the FLSA.
d.      An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages and award of prejudgment and post-judgment interest,
e.      An award of costs and expenses of this action together with attorney's fees.
f.      Such other and further relief and this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

s/Janet Rhodes

Janet E. Rhodes (Fed. Bar No.:10521)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7933
Fax (803) 904-7910
JRhodes@burnetteshutt.law

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

June 29, 2026